IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

QUAUNTEL SAUNDERS,

    Plaintiff,

v.                                          Case No. 2:23-cv-00226

CAPT. CLIFFORD, *et al.*,

    Defendants.

## ORDER AND NOTICE

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On March 23, 2023, Plaintiff filed a Complaint under 42 U.S.C. § 1983. (ECF No. 1). However, the complaint contains no statement of his claims against each of the seven defendants named in the style therein. Rather, the "Statement of Claim" section merely states "see attached" with several grievances and other documents attached to the complaint. (*Id.* at 4-5). However, Plaintiff may not simply rely on such documentation to substitute for or supplement his conclusory allegations.

Although Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" the pleading must "give[] fair notice and state[] the elements of the claim plainly and succinctly." 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 8.13 at 8-11 (2d Ed. 1983). Thus, "[c]onclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim . . . ." *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). A plaintiff

must "allege with at least some degree of particularity overt acts which defendants engaged in" that support each of his claims. *Id.*, quoting *Powell v. Workmen's Comp. Bd.*, 327 F.2d 131, 137 (2d Cir. 1964). As noted above, "[t]he liberal construction requirement [afforded to pro se litigants] will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law." *Adams-Bey v. Rogers*, No. 3:17-cv-210-FDW, 2018 WL 1413196, *3 (W.D.N.C. Mar. 21, 2018) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990)). Thus, a pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). Quite simply, "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225 (2004).

In reviewing the sufficiency of a complaint, a court may consider a document attached to or referred to in the complaint so long as the document is integral to the complaint and there is no dispute about its authenticity. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017); *Anderson v. Henderson*, No. CV ELH-20-480, 2021 WL 2155002, at *4 (D. Md. May 27, 2021). However, to be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Nevertheless, the various grievances and other

documents that Plaintiff has attached to his complaint in this civil action are not "written instruments" as contemplated by Rule 10(c), and the court and the defendants need not comb through them searching for facts to support Plaintiff's threadbare allegations in his complaint.  *See Walker v. Prince George's Cty., MD*, 575 F.3d 426, 429 (4th Cir. 2009), quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *see also Robinson v. Unknown*, No. 7:13-cv-00414, 2013 WL 5591936, at *1 (W.D. Va. Oct. 10, 2013) (Disregarding 400 pages of exhibits, including prison grievances and administrative records, in considering the sufficiency of a complaint and finding that "[i]t is Plaintiff's obligation, not the court's, to construct a legally viable claim in accordance with Rules 8 and 10" of the Federal Rules of Civil Procedure).  Thus, Plaintiff's claims are presently insufficiently pled.

Nonetheless, the undersigned **FINDS** that the interests of justice require that Plaintiff be given an opportunity to amend his complaint to assert proper claims against the defendants that are actionable in this court and are asserted in the appropriate format. Accordingly, it is hereby **ORDERED** that Plaintiff is granted leave to file an amended complaint.  It is further **ORDERED** that the amended complaint must identify, to the best of Plaintiff's information and belief, each individual he seeks to name as a defendant. Plaintiff must also state what constitutional, statutory, or common law rights he believes each defendant has violated and support each claim with specific factual allegations about each defendant's actions or omissions, and allege, with some degree of particularity, when and how each named defendant was involved in the alleged deprivation of his rights.

If Plaintiff is unable to specifically identify a defendant, he should name that defendant as "John Doe" (and if there is more than one John Doe defendant, then he should name them as "John Doe # 1," John Doe # 2," etc.) and attempt to describe their

position or job title. Furthermore, Plaintiff should, to the best of his knowledge and belief, specifically describe the actions or omissions of the John Doe defendants, just as he should for any specifically-identified defendant.

Plaintiff is hereby **NOTIFIED** that it will be insufficient for him to simply refer to his prior complaint, or additional documentation, or to incorporate the same by reference in the amended complaint. The amended complaint will supersede the original complaint, and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them. Plaintiff is further **NOTIFIED** that, pursuant to Rule 10 of the Federal Rules of Civil Procedure, he should include a caption of the case with the names of all of the parties, and he should state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and each type of claim, if more than one, should be set out in a separate count, to promote clarity. Fed. R. Civ. P. 10.

Additionally, Plaintiff failed to either pay the applicable $402 filing fee or file an Application to Proceed Without Prepayment of Fees and Costs, with a certificate completed by the Trustee Clerk demonstrating his financial status and the funds in his inmate account. This matter shall not proceed unless and until Plaintiff takes one of these actions.

Accordingly, it is hereby **ORDERED** that, by **May 24, 2023,** Plaintiff shall file his amended complaint as ordered above and shall either pay the applicable filing fee in full or complete and file an Application to Proceed Without Prepayment of Fees and Costs ("Application") that shall include a statement of Plaintiff's current assets, if any; a statement that Plaintiff is unable to pay the applicable fees or to give security therefore; and a statement of the nature of Plaintiff's claims and his belief that he is entitled to

redress. 28 U.S.C. § 1915(a)(1). Plaintiff must have the person at the correctional facility who is responsible for maintaining inmate accounts complete the Certificate portion of the Application. Plaintiff is **NOTIFIED** that the failure to comply with any part of this Order and Notice will result in a recommendation to the presiding District Judge that this matter be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff is further **NOTIFIED** that, pursuant to Local Rule 83.5 of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia, he must promptly notify the Clerk of Court and any opposing party of any changes in his contact information. The failure to do so may also result in the undersigned's recommendation of dismissal of this matter pursuant to Rule 41(b).

The Clerk is directed to mail this Order and Notice, along with a blank Application to Proceed Without Prepayment of Fees and Costs to the Plaintiff.

ENTER: May 3, 2023

Dwane L. Tinsley
United States Magistrate Judge