IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

QUAUNTEL SAUNDERS,

    Plaintiff,

v.                                          Case No. 2:23-cv-00226

CAPT. CLIFFORD, *et al.*,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter, which is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B), is before the court for screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Pending before the Court are Plaintiff's Amended Complaint (ECF No. 17) and his Application to Proceed Without Prepayment of Fees and Costs (ECF No 10).

    I.    FACTUAL BACKGROUND AND RELEVANT PROCEDURAL HISTORY

    A.    *Plaintiff's litigation history and allegations in instant complaint.*

Plaintiff is a frequent litigator and prolific grievance filer. Since 2018, he has filed 12 civil actions in this federal court – 10 civil lawsuits under 42 U.S.C. § 1983 concerning various conditions of his confinement at the Mount Olive Correctional Complex ("MOCC") and the Southern Regional Jail ("SRJ"), and two habeas corpus

petitions.[1]  Plaintiff's instant complaint alleges that Defendants Cpt. Clifford, Cpt. Toney, Lt. Wilson, ASS. Frame, Superintendent Ames, Sgt. Pete, and Sgt. Wilson denied him the right to practice his Muslin religion and retaliated against him for filing grievances and civil actions in violation of his First Amendment rights.  (ECF No. 17 at 1-3).  The amended complaint further alleges that the conduct of the defendants also violated his right to equal protection under the Fourteenth Amendment because other inmates in segregation "possessed a watch and TV to tell time." (*Id.* at 4).

Specifically, the instant amended complaint alleges that, "around late December 2020 [or] early 2021," while being housed in the Quilliams segregation units ("the Qs") at Mount Olive Correctional Complex ("MOCC"), the named defendants denied him "the right to pray and practice [his] religion as a Muslim." (*Id.* at 1).  Plaintiff further alleges that, after begging correctional officers to tell him the time so that he could pray at five (5) specified times each day, he "wrote Cpt. Clifford who is above all in the Qs at the time and verbally asked high ranking officers to have a watch to know the time and pray at those specified times ascribed to Islamic customs." (*Id.* at 2).

Plaintiff contends that Defendant Clifford told him he "could only have a watch for Ramadan Month and then must return the watch." (*Id.*)  He further contends that, after he complained that he would need the watch after Ramadan to continue his prayer schedule, and "after filing grievances and civil suits on MOCC for other reasons," he was told that he could not have the watch at all.  (*Id.*)  He later alleges that a clock was placed in the pod where he was housed, but not "until several months [after he had been] in the

---

[1] A court may take judicial notice of public records, such as state and federal court filings.  *See Philips Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006); *Carter v. Florence Cty. Det. Ctr.*, No. 8:21-cv-02963-JFA-JDA, 2021 WL 5890983, at *1 n.1 (D.S.C., Oct. 28, 2021), *report and recommendation adopted*, 2021 WL 5890986 (D.S.C., Nov. 29, 2021).

Q Units and months after Ramadan." (*Id.*) Plaintiff alleges that the denial of a watch or clock was done to "keep [him] from praying to God in accordance with [his] religion, harass [him] about his religion, and retaliate for the grievances and civil actions filed against them." (*Id.* at 2-3). He further contends that he "has been encouraged to practice another religion" and hold[s] MOCC staff and its Administration the ultimate cause for that." (*Id.*) Plaintiff specifically alleges that this conduct violated the Free Exercise and Establishment Clauses of the First Amendment. As relevant here, Plaintiff previously raised the same or similar claims against the same defendants in *Saunders v. Clifford*, Case No. 2:21-cv-00299, which was dismissed with prejudice on August 30, 2022 for failure to prosecute. *See Saunders v. Clifford*, No. 2:21-cv-00299, ECF No. 44.

Plaintiff instant complaint further claims that his rights were violated under the Equal Protection Clause of the Fourteenth Amendment through discrimination based on his race and religion. (ECF No. 17 at 4). He contends that "Inmates Christopher Cox, Steve Branson, inmate York, and several others had watches to tell time, but I wasn't allowed because it was for my religion." (*Id.*) Although this Fourteenth Amendment claim was not addressed in the earlier complaint in Case No. 2:21-cv-00299, it arises out of the same acts, transactions, or occurrences as the First Amendment claims that were addressed therein against the same defendants. Consequently, as further discussed below, all of Plaintiff's claims herein are barred by the doctrine of res judicata.

## II.   STANDARDS OF REVIEW

Where a prisoner seeks to proceed *in forma pauperis*, this court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d

951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. §§ 1915(e) and 1915A.  The court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'"  *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)).  That section also provides for dismissal where the complaint seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).  A similar screening provision governs all prisoner complaints filed against government entities.  28 U.S.C. § 1915A.  Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."  *Sumner v. Tucker,* 9 F.Supp.2d 641, 642 (E.D. Va. 1998).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to liberally construe such complaints.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).  Nonetheless, this liberal construction requirement does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).  In evaluating the sufficiency of a complaint, this Court first "identif[ies]

4

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal, supra*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [the Court] to draw on its judicial experience and common sense." *Id.*

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant law]" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

"[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted). Moreover, a complaint must state more than "labels and conclusions" and a claim should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, it does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. The undersigned has applied these

standards in the Court's initial review of Plaintiff's complaint and supplement thereto to determine if any claims should be permitted to proceed.

### III. DISCUSSION

Res judicata, also known as "claim preclusion," is a legal doctrine by which "a final judgment on the merits" precludes a party from "contesting matters that they have had a full and fair opportunity to litigate[.]" *Montana v. United States*, 440 U.S. 147, 153-54 (1979); *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). Thus, under res judicata, "a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979); *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004); *see also Evans v. Warden, FCI Cumberland*, No. ELH-23-128, 2024 WL 1485438, at *2-3 (D. Md. Apr. 5, 2024). To avoid "claim-splitting" and prosecution of matters in "piecemeal," res judicata "extends to claims that could have been asserted and litigated in the original suit, even if the claims were not raised." *Evans*, 2024 WL 1485438, at *3 (citing *Clodfelter v. Rep. of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) and *Peugeot Motors of Am., Inc. v. E. Auto Distrib., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989)). Therefore, "all claims arising out of a single wrong [must] be presented in one action." *Id.* at *3 (quoting *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 635 (4th Cir. 2015)).

Res judicata applies when the second claim "involves the same parties or their privies and arises out of the same transaction or series of transactions, as the first claim." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008); *Evans*, 2024 WL 1485438, at *3. A court may raise the issue of res judicata sua sponte if the court is "on notice that it has previously decided the issue presented."

6

*Id.* at *3 (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)). Plaintiff has filed 10 civil actions in this court over six years. As addressed below, Plaintiff's allegations in the present complaint were previously raised, or should have been raised, in his prior complaint which has already been adjudicated on the merits by this court. A court's dismissal of a complaint for failure to state a claim operates as an adjudication on the merits. *See Andrews v. Daw*, 201 F.3d 521, 525 n.2 (4th Cir. 2000) (stating that under Rule 41(b) a dismissal under Rule 12(b)(6) is a final judgment on the merits for purposes of res judicata); *see also Frank v. Home Depot, U.S.A., Inc.*, 481 F.Supp.2d 439, 442 (D. Md. 2007).

Likewise, a dismissal <u>with prejudice</u> for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is also an adjudication on the merits for the purposes of claim preclusion. *See, e.g., McFadden v. Joe*, No. 3:06-cv-01560-RBH, 2007 WL 2572227, at *9 (D.S.C. Aug. 31, 2007) (dismissing pro se Eighth Amendment claim on res judicata grounds where similar claim had previously been dismissed with prejudice for failure to prosecute); *see also Mason v. Ogden Allied Aviation Servs. Corp.*, 68 F.3d 474 (6th Cir. 1995) (dismissal under Rule 41(b) is a judgment on the merits); *Proctor v. Millar Elevator Service Co.*, 8 F.3d 824 (1993) (dismissal for failure to prosecute pursuant to Rule 41(b) operates as an adjudication on the merits unless otherwise specified by the court); *Confederate Memorial Ass'n, Inc. v. Hines*, 995 F.2d 295 (1993) (it is usual rule that dismissal with prejudice operates as an adjudication on the merits); *Murphy v. Klein Tools*, 935 F.2d 1127 (10th Cir.) (a dismissal with prejudice by a state court constitutes adjudication on merits for the purpose of claim preclusion in a later federal court action), *cert. denied,* 502 U.S. 952 (1991).

As noted above, Plaintiff's prior complaint in Case No. 2:21-cv-00299 raised First Amendment claims grounded in the alleged failure to provide Plaintiff with access to a watch or a clock to enable him to engage in daily Muslim prayer. Plaintiff claimed that this conduct by the very same defendants named herein, denied him his right to practice his religion and was retaliatory. However, on August 30, 2022, Plaintiff was found to have failed to prosecute Case No. 2:21-cv-00299 and it was dismissed with prejudice, which, as noted above, is an adjudication on the merits for res judicata purposes. Moreover, Plaintiff failed to raise his Fourteenth Amendment claim, which arises out of the same acts, transactions or occurrences as his First Amendment claims against the same defendants.

Because each of the claims in Plaintiff's instant amended complaint has been previously adjudicated or involve facts which arise out of the same acts, transactions, or occurrences as claims that have been adjudicated on the merits against the same parties or their privies, Plaintiff was required to raise them in the earlier decided proceedings. Because he failed to do so, these claims are barred from consideration in the instant matter. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that these claims are barred by the doctrine of res judicata or claim preclusion. *See Baker v. Supreme Court for New York,* No., 2013 WL 372005, at *2 (E.D.N.Y. Jan. 29, 2013) (dismissing the complaint pursuant to section 1915A based on res judicata).

IV.    RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's amended complaint (ECF No. 17) under 28 U.S.C. § 1915A and 1915(e)(2)(B) for failure to state a claim upon which relief can be

8

granted based upon a finding of res judicata and **DENY AS MOOT** his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 10).

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, Extension of this time period may only be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

June 25, 2024

Dwane L. Tinsley
United States Magistrate Judge