UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


QUAUNTEL SAUNDERS,

       Plaintiff,

v.                                    Civil Action No. 2:23-cv-00226

CAPT. CLIFFORD, CAPT. TONEY,
LT. WILSON, ASST. FRAME,
WARDEN AMES, SRG. PETE, and
SRG. WILSON,

       Defendants.


MEMORANDUM OPINION AND ORDER

       Pending is plaintiff's Amended Complaint (ECF No. 17),
filed May 23, 2024, and his Application to Proceed Without
Prepayment of Fees and Costs (ECF No. 10), filed November 3,
2023.  As plaintiff is proceeding pro se, this matter was
referred to the Honorable Dwane L. Tinsley, United States
Magistrate Judge, for submission of proposed findings and a
recommendation for disposition ("PF&R").  Judge Tinsley entered
a PF&R (ECF No. 18) on June 25, 2024, to which neither party has
filed objections.

       The amended complaint alleges that plaintiff was
denied the right to practice his religion and retaliated against
for filing grievances and civil actions, both in violation of

his First Amendment rights, and denied access to a watch or television while in segregation (which prevented plaintiff from knowing the correct times of day to pray), violating his right to equal protection under the Fourteenth Amendment.  See PF&R at 2-3.

Judge Tinsley found that the alleged failure to allow plaintiff access to a time-telling device was raised in his complaint in the already-adjudicated Saunders v. Clifford, No. 2:21-cv-00299, and that the Fourteenth Amendment claim should have been raised therein, arising as it does from the same occurrences as the First Amendment Claims.  Id. at 7-8.  Thus, Judge Tinsley concluded that these claims should be dismissed as precluded by the doctrine of res judicata, as the allegations "were previously raised, or should have been raised, in his prior complaint which has already been adjudicated on the merits by this court."  Id. at 7.

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings and recommendations to which no objection has been made.  See Thomas v. Arn, 474 U.S. 140 (1985); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

2

recommendations to which objection is made.").  Failure to timely file objections constitutes a waiver of <u>de</u> <u>novo</u> review and the plaintiff's right to appeal the order of the court.  <u>See</u> 28 U.S.C. § 636(b)(1); <u>see</u> <u>also</u> <u>United States v. De Leon-Ramirez</u>, 925 F.3d 177, 181 (4th Cir. 2019) (parties typically may not "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection"); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989).

Objections in this case were due July 12, 2024.  However, the PF&R was returned to the Clerk's office as undeliverable and was subsequently resent to plaintiff's new address on August 6, 2024.  Based on the August 6 mailing date, objections were due August 26.  No objections having been filed, this matter may be fully adjudicated.

Accordingly, it is ORDERED that:

1. The magistrate judge's Proposed Findings and Recommendation be, and hereby are, ADOPTED by the court and incorporated herein;

2. Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be, and it hereby is, DENIED AS MOOT; and

3

3. This civil action be, and it hereby is, DISMISSED from

the docket of this court.

The Clerk is directed to transmit copies of this order

to all counsel of record, any unrepresented parties, and the

United States Magistrate Judge.

ENTER: September 23, 2024

John T. Copenhaver, Jr.
Senior United States District Judge